2007 BNH 025

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                                Bk. No. 07-10642-JMD
                                                                              Chapter 7

Janet Stickney,
              Debtor

*Mark P. Cornell, Esq.*
*Concord, New Hampshire*
*Attorney for Debtor*

*Michael S. Askenaizer, Esq.*
*Nashua, New Hampshire*
*Chapter 7 Trustee*

## MEMORANDUM OPINION

### I. INTRODUCTION

Janet Stickney (the "Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code[1] on March 30, 2007. Contemporaneously with the filing of her petition, the Debtor filed an application for waiver of the chapter 7 filing fee (Doc. No. 3) (the "Application"). On April 2, 2007, the Court entered an order granting the Application (Doc. No. 7) (the "Order"). The Order contained the following provision:

> This order is subject to being vacated at a later time if developments in the administration of the bankruptcy case demonstrates that the waiver was unwarranted.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

The § 341 meeting of creditors was held on May 1, 2007 (the "341 Meeting"). On May 10, 2007, Michael Askenaizer, the chapter 7 trustee (the "Trustee"), filed a motion to vacate the Order (Doc. No. 17) (the "Motion to Vacate"). On May 23, 2007, the Court held a hearing on the Motion to Vacate and took the matter under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. BACKGROUND

The Trustee contends that the Debtor's schedules evidence an ability to pay the filing fee in installments, if not in full.[2] The Trustee advances three reasons why the Order should be vacated. First, the Debtor has significant equity in her home. Schedule A to the Debtor's bankruptcy petition reveals that the Debtor owns her residence in joint tenancy with her non-debtor husband. The residence is scheduled at a fair market value of $450,000.00, subject to encumbrances totaling $263,000.00, resulting in equity of $187,000.00, of which the Debtor is entitled to one-half. The one-half of that equity belonging to the Debtor was claimed as exempt under state law in schedule C.[3] Second, while the Debtor claimed an inability to pay the filing fee, the Debtor paid the sum of $800.00 to her bankruptcy attorney before she filed her petition.

---

[2] The chapter 7 fees applicable to the Debtor consist of a $245.00 filing fee, a $39.00 administrative fee and a $15.00 trustee surcharge fee, for total fees of $299.00. In the opinion, reference to the chapter 7 filing fee is to the total of all required fees, in this case $299.00.

[3] Pursuant to NH RSA 480:1, each person has an exemption for up to $100,000.00 of equity in their homestead.

The disclosure of compensation filed by the Debtor's attorney pursuant to § 329(a) and Federal Rule of Bankruptcy Procedure[4] 2016(b) states that the fee was paid by the Debtor's mother-in-law.  Third, although the Debtor's schedules I and J reflect a net deficit of $3,529.11 per month, the Debtor's expenditures include excessive or unnecessary expenses that could be reduced or eliminated in order to pay the chapter 7 filing fee.  Those items include cable television charges in the amount of $60.00, internet access in the amount of $35.00, an automobile payment in the amount of $525.00, pet care in the amount of $380.00 and cigarettes in the amount of $105.00.  The total of the excessive or unnecessary expenses alleged by the Trustee is $1,105.00 per month.

The Debtor objected to the Motion to Vacate on a number of grounds.  First, the Debtor challenges the Trustee's standing to ask the Court to vacate the Order because none of the duties of the Trustee under § 704 of the Bankruptcy Code relate to whether or not the Debtor is eligible for a waiver of the filing fee.  Second, the Debtor contends that the Trustee has failed to meet the requirements of FRBP 9024, which incorporates the provisions of FRCP 60, regarding when a party may ask the Court to alter or amend the Order.  Specifically, the Debtor contends that the Trustee has failed to allege or establish any of the six grounds for relief from a judgment or order under FRCP 60(b).  Third, the Debtor contends that even if all of the expenses which the Trustee alleges are excessive or unnecessary are eliminated from the Debtor's budget, schedules I and J would still reflect a substantial deficit and an inability to pay the chapter 7 filing fee.  Fourth, the equity in the Debtor's home is overstated and illiquid.  The Debtor contends that at the 341

---

[4] The Federal Rules of Bankruptcy Procedure shall be referred to in this opinion as "FRBP" or "Bankruptcy Rule."  The Federal Rules of Civil Procedure shall be referred to as "FRCP."

3

Meeting she testified under oath that schedule A contained an error and the actual fair market value of her home was $350,000.00, reducing her equity interest by $50,000.00 to $43,500.00. In addition, she contends that the equity in her home is illiquid and that it is not reasonable to expect her to borrow against that equity or to sell her interest in her home, thereby losing her homestead exemption, in order to pay the chapter 7 filing fee.

## III.  DISCUSSION

Prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, ("BAPCPA") on October 17, 2005, bankruptcy filing fees for individuals could not be waived.  An individual commencing a voluntary case under the Bankruptcy Code could pay the filing fee in installments, but the fee could not be waived.  The seemingly anomalous rule that no filing fee waiver was available in voluntary bankruptcy cases was based upon Congressional policy and the absence of a Constitutional right to file for bankruptcy.  United States v. Kras, 409 U.S. 434, 446-48 (1973).  In BAPCPA Congress changed its policy by adding a new subsection to 28 U.S.C. § 1930.  The new subsection provides that:

> the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has <u>income less than 150 percent of the income official poverty line</u> (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved <u>and is unable to pay that fee in installments</u>.

28 U.S.C. § 1930(f)(1) (emphasis added).

The statute imposes a two part test which a debtor must pass in order to obtain a waiver of the chapter 7 filing fee (the "Waiver Test").  The first part of the Waiver Test is quantitative.

4

A debtor's family income must be less than 150 percent of the official poverty limit for a family the same size as the debtor's family.  The second part of the test is qualitative.  A debtor must also be unable to pay the chapter 7 filing fee in installments.  In re Burr, 344 B.R. 234, 236 (Bankr. W.D.N.Y. 2006).  "Thus, the statute establishes no absolute entitlement to a waiver of filing fees.  Instead, it merely allows such a waiver in instances of income eligibility where the totality of circumstances compels this treatment."  Id.

The legislative history regarding the addition of the Waiver Test does not indicate how Congress intended the bankruptcy courts to make determinations under the Waiver Test, other than following procedures to be prescribed and published by the Judicial Conference of the United States.  28 U.S.C. § 1930(f)(1); H.R. Rep. No. 109-31, pt. 1, at 89 (2005); 1 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 9.05[1] (15th ed. rev. 2007).  The Judicial Conference of the United States published guidelines on chapter 7 fee waivers.  See Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (promulgated August 11, 2005), available at http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html (hereinafter the "JCUS Guidelines").

### A.  Consideration of Applications for a Chapter 7 Fee Waiver

The application for a waiver of the chapter 7 filing fee must be filed contemporaneously with the petition.  FRBP 1006.  The bankruptcy court must promptly consider the waiver application because if a debtor is required to pay the filing fee in installments, the number of installments may not exceed four, and the final installment must be paid no later than 120 days after the filing of the petition, unless the court, for cause, extends the deadline for the final

payment to 180 days after filing the petition. Id. "Neither the Code, the Rules, nor the waiver form requires that the debtor serve any party with notice of the application. The Court begins its review of a fee waiver application by reference solely to the Debtor's representations in the application and the schedules." In re Spisak, 361 B.R. 408, 412 (Bankr. D. Vt. 2007). Consequently, the bankruptcy court's review is limited to the information provided by the debtor. If the application and schedules appear to establish a debtor's eligibility, the court may grant the application. If they do not, the court may deny the application or schedule a hearing on the application. Id. However, in the typical case, such hearing will likely be held before the case trustee has conducted the 341 meeting of creditors. If the court approves the application, a hearing will be set only if a party in interest files a motion to vacate the order approving the application. Id.

The necessity for prompt action on applications for chapter 7 fee waivers dictates that the bankruptcy court must act quickly, generally without adequate notice to the parties in interest and on the basis of information from a debtor which has not been subject to review by the case trustee. Because a court must act on such applications without opportunity for adequate notice and hearing, all orders granting such applications include the provision cited at the beginning of this opinion advising the debtor that the order may be vacated if developments in the bankruptcy case demonstrate that it was unwarranted. More precisely,

> a bankruptcy court may revoke a fee waiver if: (1) the debtor has notice that the fee waiver may be revoked if facts or circumstances are discovered during the administration of the case which demonstrate the waiver was unwarranted; (2) such facts or circumstances are properly brought before the Court; (3) the debtor is given notice of the alleged change in circumstances and eligibility, and an opportunity to be heard; and (4) the Court concludes that, based upon the new information, the debtor does not qualify for a waiver under the two pronged test of § 1930(f)(1).

6

In re Kauffman, 354 B.R. 682, 684-85 (Bankr. D. Vt. 2006); JCUS Guidelines § III.B.

### B. Standing of the Trustee

The Debtor contends that the Trustee lacks standing to bring the Motion to Vacate because none of the statutory duties of a chapter 7 trustee include the determination of whether or not a debtor is eligible for a waiver of the filing fee. One of the primary duties of a chapter 7 trustee is to "investigate the financial affairs of the debtor." 11 U.S.C. § 704(4). Typically, the chapter 7 trustee verifies the information in the bankruptcy schedules and statement of financial affairs and gathers additional information from the debtor by examining the debtor under oath at the 341 meeting. 6 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 704.08 (15th ed. rev. 2007). The chapter 7 trustee is also charged with the administration of the debtor's bankruptcy estate. 11 U.S.C. § 704(a)(1), (2), (5), (7), and (9).

Because the chapter 7 trustee has the authority and the responsibility to investigate the financial affairs of the debtor and to administer the debtor's estate, he or she is the most likely person to uncover facts and developments which would warrant vacating an order approving a waiver of the chapter 7 filing fee. The chapter 7 trustee is charged with investigating the accuracy and completeness of the schedules filed by the debtor, the same schedules which the Court relies on in its initial determination of eligibility for a waiver which, as discussed in section III.A above, must be considered promptly, without notice to a chapter 7 trustee, perhaps even before the trustee is appointed, and always before the 341 meeting of creditors. If the chapter 7 trustee's investigation of the financial affairs of the debtor, or his administration of the bankruptcy estate, causes him to believe that a fee waiver was unwarranted, his obligation to administer the bankruptcy estate requires him to bring the reasons for his belief to the attention

7

of the Court. If the Court could not rely on the chapter 7 trustee to do so, then it would not be prudent to approve any application for a chapter 7 filing fee waiver based solely upon the application and bankruptcy schedules submitted by the debtor. The Court would likely require that all such applications be approved only after notice and a hearing held after the 341 meeting of creditors. The Court does not believe that Congress contemplated the necessity for hearings on most, if not all, applications for fee waivers when it amended 28 U.S.C. § 1930.

The Trustee also claims standing to bring the Motion to Vacate because he is a person who has or will suffer a real injury as a result of the Order. <u>Valley Forge Christian College v. Americans United for Separation of Church and State</u>, 454 U.S. 464, 472 (1982). Chapter 7 trustees are compensated solely from the filing fee paid by the debtor and through the award of a reasonable compensation for services which is paid from moneys turned over to and disbursed by the trustee, subject to a maximum percentage of such assets. 11 U.S.C. §§ 326(a), 330(b)(1) and 330(b)(2)(B). In a case where the chapter 7 trustee does not disburse any moneys (a so-called "no asset case"), the total paid to the chapter 7 trustee is $60.00.[5] This case appears to be a no asset case and, therefore, the Trustee may be paid $60.00, but only if the filing fee is paid. If the filing fee is waived, the Trustee is required to perform all of his responsibilities under the Bankruptcy Code without any compensation.

The Court finds that the Trustee has standing to file the Motion to Vacate because of his duties under § 704 to investigate the financial affairs of the Debtor and to administer the bankruptcy estate and because he is a person actually aggrieved by the Order.

---

[5] This $60.00 includes the $15.00 trustee surcharge as set forth in footnote 2 above and $45.00 from the $245.00 filing fee.

8

### C. Standard for a Motion to Alter or Amend

The Debtor argues that the Motion to Vacate is a request for amendment of the Order or relief from the Order governed by FRCP 59 or FRCP 60, which are made applicable to bankruptcy cases by FRBP 9023 and FRBP 9024. "Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Rodriguez, 233 B.R. 212, 218-19 (Bankr. D.P.R. 1999). Since the Motion to Vacate was filed more than ten days after the entry of the Order, it would be considered a request for relief from the Order under FRCP 60(b). It is not clear to the Court that the Motion to Vacate is governed by FRCP 60(b) because it was filed pursuant to the express provision in the Order which provided that it could be vacated "if developments in the administration of the bankruptcy case demonstrates that the waiver was unwarranted." This provision was inserted in the Order consistent with the JCUS Guidelines promulgated pursuant to the direction of Congress in 28 U.S.C. § 1930(f)(1). Accordingly, the application of FRCP 60(b) to the Motion to Vacate is arguably contrary to the amended statute. However, the Court need not determine if FRCP 60(b) applies, or if it is in conflict with 28 U.S.C. § 1930(f)(1), because the Motion to Vacate satisfies the provisions of the FRCP 60(b) to the extent it may be applicable.

FRCP 60(b) allows a Court to relieve a party from a final judgment for a variety of reasons including newly discovered evidence, fraud or misrepresentation, or any other reason justifying relief from an order or judgment. FRCP 60(b)(2), (3) and (6). Factors to be considered in ruling upon a motion brought under FRCP 60(b) include the timeliness of the

motion, the circumstances surrounding the need to vacate the order, and whether the non-moving party will be prejudiced if the order is set aside.  See Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 20 (1st Cir. 1992); Gabrilowitz v. Ricci, 125 B.R. 702, 703 (Bankr. D.R.I. 1991).  Motions under FRCP 60(b)(6) are granted only when exceptional circumstances justifying extraordinary relief exist.  In re Lafata, 483 F.3d 13, 24 (1st Cir. 2007) (citing Amhed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997)).  A motion under FRCP 60(b)(6) must be made within a reasonable time and the movant must make a suitable showing of a meritorious claim or defense.  Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993).

In this case, the Trustee has not based the Motion to Vacate on newly discovered evidence, fraud or mistake uncovered in his investigation of the Debtor's financial affairs or the administration of the bankruptcy estate.  Instead, he has based his motion on the Application and bankruptcy schedules filed by the Debtor and his conclusion that in such documents the Debtor has failed to show that she satisfies the second prong of 28 U.S.C. § 1930(f)(1), namely that she could not pay the filing fee in installments.  Ordinarily, such justification for a request under FRCP 60(b) would not be sufficient.  However, in this case the Order was entered without notice to the Trustee.[6]  In addition, the Order was entered ex parte and contained language expressly advising the Debtor that it was subject to being vacated "if developments in the administration of the bankruptcy case demonstrates that the waiver was unwarranted."  The absence of any opportunity for the Trustee to be heard on the approval of the waiver of the chapter 7 filing fee

---

[6] This is necessitated by the Congressional policy inherent in the amendments to 28 U.S.C. § 1930(f)(1).

10

arguably deprived the Trustee of due process of law. It is the availability of due process, namely the opportunity to present evidence and fully argue a question in open court, that is the basis for the requirement that the movant demonstrate extraordinary circumstances to justify relief under FRCP 60(b)(6). See Ackerman v. United States, 340 U.S. 193 (1950) (petitioner had a trial on the merits, was represented by counsel and chose not to appeal the verdict); Ahmed, 118 F.3d at 890-91 (hearing held before magistrate judge). In this case, the Trustee has not had any opportunity to present evidence or argument to the Court. The lack of opportunity was not caused by any failure of the Trustee to protect his rights or to carry out his duties as trustee, but rather was the result of an expedited decision-making process inherent in a new Congressional policy. Such circumstances are extraordinary as the Order was entered without notice and opportunity for hearing to the Trustee.

The Motion to Vacate was filed promptly after the 341 meeting and therefore was timely. A movant under FRCP 60(b)(6) must show a meritorious claim or defense. Id. For the reasons discussed below, the Trustee has shown a meritorious claim for the relief requested in the Motion to Vacate. Accordingly, to the extent that FRCP 60(b) applies to the Motion to Vacate, the Trustee has satisfied the requirements of the rule.

### D. Qualification for a Chapter 7 Fee Waiver

The Debtor bears the burden of proving by a preponderance of the evidence that her circumstances satisfy both parts of the Waiver Test. Spisak, 361 B.R. at 412; Burr, 344 B.R. at 236; In re Nuttall, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005); JCUS Guidelines § II.A.6. In this case the Trustee does not dispute that the Debtor meets the quantitative test because her

11

income is less than 150 percent of the poverty limit for a family of four.[7]  The Motion to Vacate is based upon the Trustee's contention that the Debtor can afford to pay the chapter 7 filing fee, the qualitative part of the Waiver Test.  Congress added the second prong of the Waiver Test without defining any standard for bankruptcy courts to apply in determining whether a debtor does or does not have the ability to pay a chapter 7 filing fee in installments.  The Judicial Conference of the United States has issued guidelines stating that the "bankruptcy court should consider the totality of the circumstances in determining whether the debtor is unable to pay the fee in installments."  JCUS Guidelines § II.A.5.

While Congress delegated to the Judicial Conference of the United States the authority to proscribe procedures for consideration of chapter 7 filing fee waiver applications, it is doubtful that such delegation includes the authority to establish substantive legal standards having the force and effect of law.  See Kauffman, 354 B.R. at 684 (official form of application for chapter 7 fee waivers does not have the force and effect of law) (citing In re Simmons, 237 B.R. 672, 675 (Bankr. N.D. Ill. 1999) (official forms do not have the force and effect of law) and FRBP 9009 (official bankruptcy forms must be construed consistent with the Bankruptcy Code and the Bankruptcy Rules)).  Even if authority to establish such standards were intended, the JCUS Guidelines cannot have the force and effect of the Bankruptcy Rules because they have not been issued by the United States Supreme Court in accordance with Congressionally mandated administrative procedures.  See 28 U.S.C. § 2075.

---

[7] The U.S. Department of Health and Human Services official poverty guideline for a family of four living in the contiguous United States in 2007 is $20,650.00 per year, or $1,720.83 per month.  150% of the monthly amount is $2,581.25.  Schedule I lists the Debtor's monthly income as $1,782.63.

12

Where Congress has failed to provide specific meaning or legislative history to guide the implementation of qualitative standards, it falls to the courts to determine when a debtor is "unable to pay [the chapter 7 filing fee] in installments," for purposes of the Waiver Test. See First USA v. Lamanna (In re Lamanna), 153 F.3d 1, 4 (1st Cir. 1998) (where Congress failed to provide specific meaning for the term "substantial abuse" in § 707(b), it fell to the courts to determine "substantial abuse" under the totality of the circumstances test). Even though the totality of the circumstances test contained in the JCUS Guidelines may not be legally binding, it is instructive, consistent with Lamanna, and is the methodology employed by other bankruptcy courts in all of the published opinions to date. See, e.g., Kauffman, 354 B.R. at 685; In re Bradshaw, 349 B.R. 511, 516 (Bankr. E.D. Tenn. 2006); Burr, 344 B.R. at 236; In re Lineberry, 344 B.R. 487, 493 (Bankr. W.D. Va. 2006); Nuttall, 334 B.R. at 923. Accordingly, this Court shall apply the totality of the circumstances test to determine whether the Debtor is unable to pay the chapter 7 filing fee in installments.

The totality of the circumstances test is applied on a case-by-case basis. A review of the decided cases reveals various factors that bankruptcy courts have used in applying the Waiver Test. However, such factors are never exclusive and are merely illustrative of the considerations that are likely to inform a court's decision. In identifying the factors to be considered, this Court is not establishing any *per se* rules governing the determination of ability to pay the chapter 7 filing fee in installments. See Lamanna, 153 F.3d at 4-5. The factors which this Court may consider in determining a debtor's ability to pay the filing fee for purposes of the Waiver Test include:

(1)     discrepancies between a debtor's application and schedules based upon a review of those documents and the debtor's testimony and other pleadings.

        In re Riffe, No. 07-50395-7, 2007 WL 1246445, *2 (Bankr. M.D.N.C. Apr. 26, 2007) (waiver denied where debtors received a tax refund of $5,394.00); In re Robinson, No. 06-40288, 2006 WL 3498296, *5 (Bankr. S.D. Ga. July 19, 2006) (debtor with no expenses and income from part-time employment obtained postpetition was denied a waiver); Bradshaw, 349 B.R. at 516 (debtor who filed revised schedules I and J reflecting disposable income of $222.30 per month was denied a waiver); Kauffman, 354 B.R. at 686 (order granting waiver vacated for debtor who converted to chapter 13); In re Hooper, No. 06-00029, 2006 WL 1234928 (Bankr. D. Colo. Feb. 23, 2006) (notwithstanding discrepancies in debtor's application, waiver granted where debtor could not pay fee or pay her attorney); In re Hairston, No. 06-00006, 2006 WL 221344, *2 (Bankr. D. Colo. Jan. 24, 2006) (waiver denied where bankruptcy court could not make definitive findings on debtor's income due to inconsistencies in various filings).

(2) collateral sources of income from family or friends from which the filing fee may be paid.

    Machia, 360 B.R. 416, 420-21 (Bankr. D. Vt. 2007) (waiver granted where debtor's mother provided the funds for the attorney's fee, but did not otherwise support the debtor); Burr, 344 B.R. at 237 (waiver denied when debtor failed to provide evidence why the support received from a father and a boyfriend was not sufficient to enable her to pay filing fee).

(3) excessive or unreasonable expenses that could be directed to the payment of the filing fee.

    Machia, 360 B.R. at 421 (waiver granted where debtor's expenses for food and cable TV were not excessive); Lineberry, 344 B.R. at 492-93 (debtors' housing expenses exceeded IRS national standards and planned purchase of high school ring for son at a cost of $489.00 demonstrated ability to pay filing fee).

(4) whether the debtor agreed to pay a portion of her attorney's fee after the filing of the case.

    In re Johnson, No. 06-02555, 2006 WL 2883143, *2 (Bankr. M.D. Tenn. Oct. 4, 2006) (waiver granted where debtor paid $600.00 to bankruptcy attorney); Nuttall, 334 B.R. at 923 (agreement to pay an attorney after filing is a factor to be considered on the issue of ability to pay the filing fee in installments).

(5) whether the debtor has any property from which the filing fee could be paid.

    In re Markison, No. 05-12616, 2007 WL 1202780, at *5-6 (Bankr. D. Vt. Apr. 23, 2007) (trustee's second motion to reconsider order granting waiver due to debtor's postpetition receipt of unscheduled tax refunds totaling $5,139.00 was

>denied where trustee had failed to ask about tax refunds at the 341 meeting); Nuttall, 334 B.R. at 924 (waiver granted where debtors' expenses were under the IRS standards and debtors had no real estate or other assets from which they could pay filing fee); Robinson, 2006 WL 3498296, at *3-5 (second motor vehicle could be liquidated to pay filing fee).

(6) the debtor's historical spending of disposable income.

>Spisak, 361 B.R. at 411 (waiver denied where debtor was spending $75.00 per month on recreation and entertainment, $19.00 per month on cable television and had disposable income of $97.00 per month).

(7) whether the debtor's current or anticipated income or expenses are the result of temporary or extraordinary circumstances.

>Id. at 414.

### E. Equity in Exempt and Non-exempt Assets

The Trustee points to the substantial equity the Debtor and her non-debtor spouse hold in their residence as evidence of the Debtor's ability to pay the filing fee and a reason for vacating the Order. The Debtor's schedules reflect total equity in the personal residence of $187,000.00. However, at the hearing on the Motion to Vacate it was agreed that the Debtor testified at the 341 Meeting that the value of the residence in her schedules was not correct and that the actual equity totals $87,000.00.[8] One-half of this equity, or $43,500.00, belongs to the Debtor. All of this equity is subject to the Debtor's homestead exemption. NH RSA 480:1. The Trustee has not alleged that any other exempt or non-exempt equity in assets is available to support payment of the filing fee in installments. The Debtor contends that equity in an illiquid asset such as a personal residence is not available to the Debtor, nor other similarly situated debtors, as a source

---

[8] The Court notes that the Debtor has not as yet amended her schedules to reflect the $100,000.00 error in the value of her residence in schedule A. However, the Trustee did not contest the Debtor's assertion for the purposes of the Motion to Vacate and the Court shall use the lower number.

of payment of the chapter 7 filing fee.  As a simple observation, the Court agrees.  A sale of the residence would result in transaction costs substantially more than the $299.00 filing fee, would cause the loss of the Debtor's homestead exemption and would jeopardize her fresh start by requiring her to incur relocation expenses.  Similarly, borrowing against a home by a debtor, whose family income satisfies the first prong of the Waiver Test, is similarly impractical because such a debtor's ability to repay, and credit rating, would likely render such a loan impossible to obtain except from family members or friends.

However, if a bankruptcy is filed for the purpose of protecting significant equity in a residence through any combination of (1) temporary protection from foreclosure through the automatic stay, (2) discharging unsecured debt to enable the debtor to preserve the equity through a cure of mortgage defaults or refinancing a defaulted mortgage, (3) obtaining time to sell the residence after abandonment by a trustee, or (4) any other use of a bankruptcy filing to preserve material equity in an exempt assets, a debtor's temporary inability to pay the chapter 7 filing fee in installments would appear not to warrant a waiver.  Similarly, if a debtor has equity in an unnecessary asset, such as a second motor vehicle, a boat, a snowmobile, a recreational vehicle, or jewelry, the debtor should not receive a waiver in order to obtain the benefits of a chapter 7 discharge.

In this case, despite the Debtor's significant equity in her residence, no evidence has been offered, nor allegation even made, that the Debtor is somehow utilizing this chapter 7 proceeding to protect her exempt equity in the residence for her own account.  Accordingly, on the facts of this case, the equity in the Debtor's residence is not a factor for purposes of the totality of circumstances test under the second prong of the Waiver Test.

### F. Unnecessary or Excessive Expenses in Schedule J

The Trustee contends that the Debtor's schedules show excessive discretionary expenses that could be reduced or temporarily curtailed in order to pay the chapter 7 filing fee in installments. The Trustee points to monthly expenses of cable television ($60.00), internet access ($35.00), an automobile payment ($525.00), pet care ($380.00) and cigarettes ($105.00). The Debtor contends that all of this expense information was available to the Court when it originally considered the Application. In addition, even if the Debtor eliminated all of the expenses that the Trustee contends are excessive totaling $1,105.00 per month, her expenses of $5,311.74 would still exceed her income by $2,424.11 per month.

The Debtor's monthly income of $1,782.63 is $798.62 less than the first prong of the Waiver Test (i.e., 150 percent of the applicable official poverty guideline for a family of four).[9] The Debtor's current monthly income is only 33% of her family expenses[10] because her spouse is unemployed. The Debtor's family income is insufficient to pay even the first and second mortgages on her residence, leaving her no money to pay for basic food and clothing. In schedule I at line 17 the Debtor stated that she expected an increase in family income because her spouse is seeking employment. In schedule J at line 19 the Debtor stated that she did not anticipate any decrease in expenses. Accordingly, it appears that the Debtor views her current family income deficiency as temporary because her spouse is seeking employment and she has no plans to decrease expenses. Based upon those representations, the Debtor has failed to

---

[9] The Debtor's monthly income is $1,782.63. 150% of the poverty guideline for a family of four living in New Hampshire is $2,581.25. The difference is $798.62 ($2,581.25 - $1,782.63).

[10] The Debtor's monthly income of $1,782.63 divided by her monthly expenses of $5,311.74 equals .335, or just 33.5%.

explain how she would be unable to pay the chapter 7 filing fee in installments through a combination of employment of her spouse, whether temporary, permanent or part time, and some reduction or temporary curtailment of the expenses identified by the Trustee.

The first prong of the 28 U.S.C. § 1930(f)(1) test is objective and is based upon the family income of a debtor. This Court believes that the two step test is intended, in part, to require the Court to determine if debtors who meet the objective income test can, through the use of assets, expense reduction and/or resolution of a debtor's temporary income reduction, afford to pay the chapter 7 filing fee in installments. Based upon the Debtor's situation and her intent, as stated in schedules I and J, the Court finds that she has not satisfied her burden to prove by a preponderance of the evidence that she is unable to pay the chapter 7 filing fee in installments.

### G. Payments to a Bankruptcy Attorney

The Trustee contends that the Court should consider the fact that the Debtor paid $800.00 to her bankruptcy attorney for services rendered in connection with the filing of her chapter 7 bankruptcy case. The Trustee indicates that the source of the funds for payment of the filing fee was a relative of the Debtor and not from assets of the Debtor or her immediate family. Bankruptcy Rule 1006(b)(1) has been amended to delete the sentence disqualifying a debtor from paying the filing fee in installments if the debtor has paid an attorney or any other person for services in connection with the bankruptcy case. Accordingly, payment of an attorney no longer disqualifies a debtor from qualifying to pay the chapter 7 filing fee in installments, and payment to an attorney is not a *per se* disqualification for approval of a waiver of the filing fee. Spisak, 361 B.R. at 414; Johnson, 2006 WL 2883143, at *1 (applying JCUS Guidelines); Nuttall, 334 B.R. at 923; JCUS Guidelines § II.A.5.

In this case, the Debtor paid her bankruptcy attorney from funds advanced to her by a relative. The Debtor has made no promise to pay anything further to her bankruptcy attorney from her fresh start assets or income. As this Court has previously noted, "compliance with the procedures of BAPCPA is difficult because it is replete with new, technical and procedural deadlines and requirements. Consequently, now more than ever, it is in the best interests of debtors and the bankruptcy court for debtors to engage an attorney when filing for bankruptcy protection." In re Grasso, 2006 BNH 019, 5. If the Debtor had been able to acquire funds from her family's assets, or other resources, for the attorney's fee, or had promised to pay her attorney from fresh start income or resources, she would have the burden to prove that she was unable to utilize those same sources for payment of the chapter 7 filing fee in installments. Absent unusual circumstances, the fact that a debtor secured the funds for attorney's fees from a third party will not impact the approval of a waiver of the filing fee. However, payment of the attorney's fees by a third party could impact approval of a waiver when such third party is a material source of ongoing support for a debtor. See Burr, 344 B.R. at 236-37 (waiver denied where a boyfriend and father provided for the care of the debtor and the debtor failed to show that she could not pay the filing fee in installments with such support). In this case, the evidence does not demonstrate that the Debtor regularly receives support from any third party but rather that she received one time assistance with payment of the attorney's fee.

**IV. CONCLUSION**

For the reasons set forth above, the Court concludes that the Trustee has standing to bring the Motion to Vacate and has satisfied the requirements of FRCP 60(b)(6) for seeking relief from

19

the Order. While the Debtor has established that she meets the quantitative part of the Waiver Test under 28 U.S.C. § 1930(f)(1), she has failed to demonstrate by a preponderance of the evidence that she meets the qualitative part of the Waiver Test, i.e., that under the totality of the circumstances she is unable to pay the chapter 7 filing fee in installments. The Debtor failed to explain why the filing fee could not be paid through a combination of her spouse's employment income and some reduction or temporary curtailment of the expenses identified as excessive by the Trustee. Accordingly, the Court will issue a separate order granting the Motion to Vacate and requiring the Debtor pay the chapter 7 fee in installments. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

    ENTERED at Manchester, New Hampshire.


Date:   June 14, 2007                            /s/ J. Michael Deasy
                                                 J. Michael Deasy
                                                 Bankruptcy Judge